B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Western District of Michigan

In re   Perry, Sr., Rodney Darrell

Case No. ____23-01969____

**Debtor**

Chapter ____13____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept .................................................................. $3,500.00

   Prior to the filing of this statement I have received ........................................................ $0.00

   Balance Due ................................................................................................................... $3,500.00

2. The source of the compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor          ☑ Other (specify)   Through plan

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

B2030 (Form 2030) (12/15)

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| _09/27/2023_ | _/s/ Roger G. Cotner_ |
| Date | Roger G. Cotner |
| | *Signature of Attorney* |
| | Bar Number: P36569 |
| | Cotner Law Offices |
| | PO Box 838 |
| | Grand Haven, MI 49417-0838 |
| | Phone: (616) 846-7153 |

_Cotner Law Offices_
*Name of law firm*

---

Re: Rev. Rodney Perry Sr.
Case #: 23-01969

9/27/23

**COTNER LAW OFFICES**
575 ROBBINS RD., SUITE D
PO BOX 838
GRAND HAVEN, MI 49417-0838
TELEPHONE: 616-846-7153   Fax: 616-846-5368
email: **roger@cotnerlaw.us**

CHAPTER 13 BANKRUPTCY RETAINER AGREEMENT

The Client and the Attorney, by their signatures below, hereby agree on the following terms for the Attorney's representation of the Client in Chapter 13 Bankruptcy Case Number 23-01969 filed by the Client *pro se* in the United States Bankruptcy Court for the Western District of Michigan.  The Client understands that if the Client desires representation in other matters, the Client and the Attorney must agree to that representation in another written retainer agreement.

The Client acknowledges that he filed his petition prior to retaining Attorney.

The Client agrees to pay the Attorney the Attorney's $3,500 minimum attorney fee for the Chapter 13 case, plus expenses and the Court's filing fee of $313.00.  The Client has paid attorney fees of $0.00 prior to signing this retainer.  Client will pay any additional attorney fees, plus all other allowed fees and expenses, through the Client's Chapter 13 plan or as otherwise agreed.  The Client has paid $100 of the $313 filing fee prior to signing this agreement and understands that the Court approved his application to pay the $213 balance of his filing fee as follows: $100.00 on or before September 15, 2023; and $113.00 on or before October 5, 2023.  Client will pay these installments directly to the Court, or will work with Attorney to amend this payment schedule.

The Attorney's present hourly rate is $250.00 per hour and this rate may increase during the term of this contract.

Throughout the course of the Chapter 13 case, the Attorney will record his time at his then current rate, plus costs.  If the recorded amount for attorney fees exceeds the minimum fee, the Attorney will ask the Court to allow these additional fees and costs to be paid through the Client's Chapter 13 plan or directly by the Client after discharge or dismisssal.  If the additional services are required as the Client's Chapter 13 plan nears completion, the Client may choose to amend the Client's Chapter 13 plan to pay these fees and expenses directly to the Attorney after the Court enters the Client's discharge so the Client's discharge is not delayed.  The Client acknowledges the Attorney discussed including an additional provision in the Client's Chapter 13 plan that establishes a reasonable reserve for administrative expenses to minimize the impact of the allowance of additional fees during and near the completion of the Chapter 13 plan.

Client's initials indicate an understanding of this provision: _RPG_  _____

\#

\#

4#

The Client recognizes the complexities of a Chapter 13 case and understands additional attorney fees, including legal services related to the completion of the Client's case, above the minimum fee may be required and agrees to pay those additional attorney fees. The Client recognizes that the amount of additional attorney fees exceeding the minimum fee, if any, cannot be forecast now.

The Client agrees that the $3,500.00 minimum attorney fee represents compensation for routine Chapter 13 services. These services are limited to the following: the initial office conference with the Attorney; preparation and filing of the Chapter 13 petition, plan and other required documents; routine correspondence with creditors; and representation of the Client at the 341 Meeting and Confirmation Hearing.

The parties agree that the following services are NOT routine services and the Client will pay the Attorney at his hourly rate then in effect, plus expenses:
a. Opposing any attempt by a creditor to contest the Client's Chapter 13 Plan in any manner or seek relief from the Stay Order;
b. Attending any adjourned Section 341 Meeting in the event the first Section 341 Meeting is scheduled and adjourned at the Client's request, or because of my failure to appear at that Meeting;
c. Representation of the Client in any Debtor Audit. Cases will be randomly selected for audit. Client must cooperate and timely provide the documents requested by the auditors to that firm.
d. Litigation: Conferences, drafting, preparing and research involved in defending any adversary proceedings, motions, orders to show cause, or any other like matters filed by any entity against the Client. Litigation includes the same activities performed prosecuting similar matters for the Client against any entity.
e. Appeals.
f. Performing any other legal service not listed above as required by the Trustee or the Court during the Chapter 13 case.

Client's initials indicate an understanding of this provision: _[initials]_ _____

The Client agrees that the Client has not retained the Attorney for the purpose of any appeal or filing or defending any Complaint to determine non-dischargeability under this agreement. If the Client wishes to retain the Attorney for one or more of these purposes, the parties must enter into a new retainer agreement for these services.

The Client understands that attorney fees in a typical Chapter 13 case can range from $5,000 to $10,000. Complicated and business cases may result in attorney fees in excess of $10,000.

Client's initials indicate an understanding of this provision: _[initials]_ _____

The Client irrevocably assigns to the Attorney the Client's interest in all payments made to the Chapter 13 Trustee, to the extent of any balance due, subject to Court approval. If the Client's case is dismissed, denied or converted before the Attorney fees are paid in full, the

Client agrees to allow the Chapter 13 Trustee to pay the balance due to the Attorney directly from funds that would otherwise be returned to the Client, subject to Court approval.

The Client and the Attorney agree that the Client will directly pay the Attorney any outstanding balance of the professional fees and reimbursable expenses, as allowed by the US Bankruptcy Court, then due if the Client's case is dismissed prior to completion of the Client's plan.

If any delays occur in providing documents which result in the need to redraft any bankruptcy paperwork, Client agrees to pay Attorney the then current hourly rate directly to the Attorney or through the Chapter 13 plan if the case has been filed. The Client agrees that this file may be closed at the discretion of the Attorney if no bankruptcy is filed within a minimum of two months and a maximum of six months of the date of this retainer agreement. The closing of the file can be for any reason deemed sufficient by the Attorney.

**CLIENT'S RESPONSIBILITIES:**
a.  Cooperate with the Attorney:
   1) The Client agrees to timely supply all documents and requested information and to pay all fees and costs.
   2) The Client understands that in order for the Chapter 13 case to be filed, confirmed, and continue until discharge, the Client must:
      a) provide truthful, accurate, and complete information to the Attorney, the Chapter 13 Trustee, and the Court;
      b) to update the Firm, the Chapter 13 Trustee, and the Court of any substantial changes to income and expenses;
      c) to obey any orders of the Court;
      d) to make timely plan payments;
      e) to provide the Attorney with yearly copies of the Client's federal and state income tax <u>returns (see below)</u>;
      f) not to incur additional debts exceeding $1000 without approval;
      g) to send the Client's yearly state and federal income tax <u>refunds</u> to the Chapter 13 Trustee (see below); and
      h) to act in good faith toward the Attorney, the Chapter 13 Trustee, and the Court.
   3) The Client further agrees to provide the Attorney with updated contact information at all times including current mailing, email address and telephone numbers.
   4) The Client agrees to furnish the Attorney with a complete list containing the names, addresses, and amounts owed of all the Client's creditors. The Client holds the Attorney harmless from the Client's failure to provide this information.
   5) The Client further agrees to provide the Attorney with a complete list of all assets; and detailed information regarding the Client's income, including pay stubs.
   6) The Client acknowledges that s/he may not be relieved of any debt that does not appear on the bankruptcy schedules and that it is a federal crime to not list all debts, all assets, and all income truthfully.
   7) The Client and the Attorney agree that the Attorney shall have the right to withdraw from the Client's case: if the Client does not make payments required by this agreement; if the Client has misrepresented or failed to disclose material

facts to the Attorney; if the Client fails to timely provide the Attorney with documents or information so that the Attorney can adequately represent the Client; if the Client breaches this retainer agreement; or if the Client fails to follow the Attorney's advice. In any of these events, the Client agrees to execute such documents as will permit the Attorney to withdraw from the case.

Client's initials indicate an understanding of this provision: _RPS_ _____

b. Plan Payments: The Client understands that it is their responsibility to make the first payment to the Chapter 13 Trustee <u>within 30 days</u> of filing even though the Chapter 13 Plan has not been confirmed. If the Client files the case at the end of the month or the mortgage is included in the Chapter 13 Plan, the Client may need to make the first Chapter 13 plan payment within days of filing. The Attorney advises the Client to have the entire first plan payment available at the time that the Client signs the petition.

Client's initials indicate an understanding of this provision: _RPS_ _____

c. <u>If the Client is employed, s/he may be required to make plan payments through a payroll order. A payroll order withdraws the Chapter 13 payments directly from the Client's paycheck. The Client's employer is notified to make the withdrawal.</u>

Client's initials indicate an understanding of this provision: _RPS_ _____

d. Cooperate with the Trustee: The Client agrees to fully cooperate with the Trustee according to the Attorney's advice. The Client understands that if s/he does not cooperate with the Trustee, the Bankruptcy Judge may deny confirmation, dismiss the case, or revoke the Client's Discharge so that the Client remains liable to creditors as if the case had never been filed.

e. Failure to comply with any of the Client's responsibilities may result in dismissal of the case, the Attorney withdrawing from the case, and/or additional attorney's fees.

Client's initials indicate an understanding of this provision: _RPS_ _____

**UNLISTED CREDITORS:** The Attorney has fully explained the payment terms provided by the Client's Chapter 13 Plan. The Client understands that NOT including a creditor in the bankruptcy case may permit the creditor to take legal actions to collect the obligation outside of bankruptcy and, if secured with collateral, may repossess that collateral. The Client understands that s/he may add one or more creditors to the case after it has been filed with the Court, but such addition will incur additional attorney fees at the then current hourly rate, plus expenses.

\#

7#

\#

**CONVERSION:** The Client understands that s/he may choose to convert the Chapter 13 case to a Chapter 7 case at any time if permitted by law. The Client and the Attorney agree that they may negotiate a further retainer agreement if the Client decides to convert the Chapter 13 case to another Chapter; or if the Client desires representation in other matters. The Client understands that any additional retainer amount must be paid prior to converting the case.

**UNPAID BALANCES:** The Client agrees to pay the Attorney after the Chapter 13 case is concluded through discharge or dismissal any balance owing the Attorney for fees and costs within thirty (30) days of the date of any billing statement or invoice.

The Client acknowledges that some debts must still be paid after the Client's bankruptcy discharge. The Client further acknowledges that some assets do not qualify for exemption and may be taken and sold to pay the Client's creditors.

The Client agrees that he will not sell or transfer any of his property after filing bankruptcy and before receiving his discharge unless, before the proposed sale or transfer, he provides the Attorney with all information regarding the proposed sale or transfer; and receives written permission of the proposed sale or transfer from his attorney or the Court prior to the sale or transfer.

The Client agrees that he will provide the Attorney with his federal, state and local income tax returns each year as soon as they are prepared. The Client represents that any copies of tax returns provided to the Attorney prior to the filing of this case are copies of the actual tax returns filed with the taxing authority. The Client and the Attorney agree that the Attorney will forward copies of those tax returns to the Client's trustee.

Unless the Client's general unsecured creditors will receive 100% of claims filed, the Client agrees that he will pay his net income tax refunds to his trustee within five (5) days of receiving those refunds, and provide the Attorney with a copy of those tax refund checks at the same time.

The Client agrees that he will not post or otherwise disseminate information related to his bankruptcy case on any social media outlet such as Facebook, Twitter, Instagram, etc.

The Client and the Attorney agree that to the extent allowed Attorney fees are not paid through the Client's Chapter 13 plan, a monthly late payment charge of 2% will be imposed on any balance not paid within 30 days of an invoice. The Client and the Attorney agree that the Attorney may petition the Court to withdraw as the Client's attorney in the event any of the Attorney's fees are not paid.

The Client and the Attorney agree that the Attorney has made no warranties about an ultimate successful outcome of any litigation in this case, and all expressions made by the Attorney relative to it are matters of opinion only.

The Client and the Attorney agree this contract was signed in Ottawa County, Michigan; that Client has conducted business in Ottawa County, Michigan; that any disputes concerning this contract will be litigated in Ottawa County, Michigan; and the Client hereby submits to

\#

8#

\#

personal jurisdiction therein and agrees to be bound by the decision of a Court of competent jurisdiction regarding any such disputes.

The Client and the Attorney agree that if any part of this agreement is declared void or invalid, the remainder of the agreement remains in full force and effect.

The Client and the Attorney agree that the Attorney will create a file for this matter which may include original documents, etc., that the Client may provide to the Attorney; and that the Attorney will maintain the Client's file for at least 30 days after the earlier of termination of this representation; the dismissal of the Client's case; or entry of the Client's bankruptcy discharge, during which time the Client may arrange a mutually convenient time to review the Attorney's file and request the Client's property and other documents from the Attorney's file if the Client has fulfilled his financial and other obligations to the Attorney. The Attorney may require prepayment for attorney fees and expenses required to fulfill the Client's request. If the Client does not request documents from the Attorney's file or an appointment to review the Attorney's file within that 30-day period, the Client waives all rights to the file and agrees that the Attorney may destroy the file without further notice to the Client.

The Client and the Attorney agree that if the Attorney initiates a collection proceeding against the Client for unpaid legal fees and costs, the Client will be liable for payment of the Attorney's reasonable attorney fees and costs incurred in connection with that collection at the then current professionals' hourly rates, plus costs and expenses.

The Client hereby binds the Client's successors and legal representatives to the terms and conditions of this Agreement; acknowledges receipt of a copy of this Agreement; agrees this is the entire agreement between the parties and there are no other agreements, oral or written; and that the terms can be modified only in writing signed by both parties. The parties agree that they have read the foregoing and understand it completely; and that they agree to abide by this agreement.

Signed on September 27, 2023 in Grand Haven, Michigan.

/s/ Rev. Rodney Perry, Jr.
Rodney Perry, Sr

COTNER LAW OFFICES

/s/ Roger G. Cotner
Roger G. Cotner (P36569)
Its President