UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

———————————————

In re:

RODNEY DARRELL PERRY, SR.,              Case No. 23-01969-swd
                                        Chapter 13
            Debtor.                     Hon. Scott W. Dales

_____/

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:   HONORABLE SCOTT W. DALES
           Chief United States Bankruptcy Judge

The court held a hearing by telephone on November 16, 2023, to consider the Debtor's Motion for Reconsideration of the Order Dismissing this Chapter 13 Case (ECF No. 40, the "Motion"). The Debtor, Rodney Darrell Perry, Sr., and the chapter 13 trustee appeared through counsel. No other parties appeared.

During the hearing each counsel argued in support of, and against, the Motion, respectively, and Debtor's counsel made a testimonial proffer on behalf of the Debtor. The court also considered the docket generally and the Debtor's Declaration in Support of His Motion to Set Aside Dismissal of His Case (Exh. A to the Motion). *See* Fed. R. Civ. P. 43(c) (applicable in bankruptcy proceedings under Fed. R. Bankr. P. 9017). At the conclusion of the hearing, the court announced its intention to deny the Motion for the reasons on the record, as supplemented here.

The Debtor argues that the admitted failure to file complete schedules (which prompted the dismissal in the first place) "was the result of his mistake, inadvertence, or excusable neglect." *See* Motion at ¶ 16; Fed. R. Civ. P. 60(b) (applicable in bankruptcy proceedings under Fed. R. Bankr. P. 9024). The court agrees with the trustee's counsel that if the court were to find excusable neglect on this record, no dismissal order could ever be described as final.

The decision to set aside an order under Rule 60 lies within the trial court's discretion. *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981) ("The grant of motions made under rule 60(b) is a matter of discretion . . . ."); *Douglass v. Pugh*, 287 F.2d 500, 502 (6th Cir. 1961) ("It is settled law that the granting of a motion to set aside a judgment under the provisions of [Rule 60] is a matter addressed to the sound discretion of the trial judge . . . .").

Judge Tucker recently applied the Supreme Court's teachings on "excusable neglect" under Rule 60(b)(1) in *In re Soueidan*, 652 B.R. 837, 843 (Bankr. E.D. Mich. 2023). The term imports notions of the moving party's negligence -- certainly evident in the current record -- but also acceptable excuse. Moreover, the Supreme Court teaches that "the proper focus is upon whether the neglect of respondents *and their counsel* was excusable." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993) (original emphasis); *Blue Water Toxicology, LLC v. Curare Lab., LLC (In re Curare Lab. LLC)*, No. 22-8023, 2023 WL 4044473, slip op. at *5 (B.A.P. 6th Cir. June 16, 2023) ("[C]ase law generally focuses on mistakes and neglect by the parties or counsel in the conduct of the litigation.").

To this, the Sixth Circuit (among other courts) adds that "'out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as "mistake" or "excusable neglect" within the meaning of [Rule 60(b)(1)].'" *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) (quoting *Helm v. Resolution Trust Corp.*, 161 F.R.D. 347, 348 (N.D. Ill. 1995), aff'd, 84 F.3d 874 (7th Cir. 1996)).

First, focusing on the Debtor's own conduct, the current case is his third since 2022, each following a familiar pattern in which the court calls to the Debtor's attention various filing deficiencies which remain unaddressed, resulting in dismissal. *See* Case Nos. 22-00770, 22-

01549, 23-01969.  The Debtor's experience over the last two years undercuts any suggestion of excuse, even while demonstrating inadvertence, mistake, or neglect.  Neglect is also evident in not responding when the Clerk called the filing omissions to his attention, although in fairness he had retained counsel by that time.  Counsel must share the blame for ignoring the Clerk's letter.

Second, in the current case, the Debtor had the benefit of counsel within a few weeks after he filed his third voluntary petition.  Counsel specifically sought and obtained an extension of time to correct the deficiencies and still, thereafter, received electronic notice from the court that the filings remained incomplete, and that dismissal would ensue if not addressed by October 12, 2023 -- an additional, albeit *de facto*, extension of the filing deadlines.  *See* ECF No. 35 (Letter from U.S. Bankruptcy Court to Rodney Darrell Perry, Sr., Regarding: Deficiencies).  It is hard to excuse the deficiencies after the court's several extensions.

At the hearing, counsel said his client advised him that he had filed all required documents and that counsel took the client's word for it -- obviously a risky decision after signing and filing a motion under Fed. R. Bankr. P. 9011 alleging that his client suffers from "severe chronic anxiety and depression that has hampered his ability to realize and make rational decisions with respect to his financial responsibilities."  *See* Debtor's Motion for Exemption from Credit Counseling (ECF No. 27).  Counsel's neglectful failure to review his client's *pro se* filings before and after the service of the court's deficiency letter is utterly inexcusable.  Moreover, as the trustee's counsel argued during the hearing (and as the case law just cited requires) the court is constrained to impute the inexcusable neglect to the client under basic principles of agency and Supreme Court precedent.  *See Pioneer Inv. Servs. Co.*, 507 U.S. at 397 ("[E]ach party is deemed bound by the acts of his lawyer-agent . . . ." (citation omitted)).

Third -- putting aside the filing deficiencies -- even assuming the court were inclined to grant the credit counseling exemption motion (or a second one that counsel predicted he would file), the Debtor's Schedule J -- which shows a negative net monthly income (-$1,164.00) -- casts doubt on the Debtor's ability to fund a chapter 13 plan.  This doubt remains even accepting the proffer that the Debtor's church would retire the tax debt on his behalf by paying approximately $70,780.00 -- the amount stated in the plan (ECF No. 12) and unfiled schedules (Motion at Exh. A).

More generally, the Debtor's main objective in filing this case (and presumably the earlier two cases) was to address the claims of Kent County for delinquent taxes and, this time around, to prevent or unwind the tax auction.  At the hearing, however, Debtor's counsel stated that his client may pursue such relief through a civil action in the United States District Court on a takings theory, and that the proposed lump sum payment from the Debtor's church would essentially resolve the bankruptcy.  From these statements, the court infers that denying the Motion will not leave the Debtor without recourse for the main issue prompting him to file the case.  Additionally, the bankruptcy forum, designed to host collective proceedings, is generally ill-suited to resolving a two-party dispute.[1]  *See, e.g., In re Curtis*, 596 B.R. 624 (Bankr. W.D. Mich. 2019) (dismissing chapter 13 petition in part because bankruptcy case was essentially a two-party dispute); *In re Grand Traverse Dev. Co. Ltd. P'ship,* 150 B.R. 176, 194 (Bankr. W.D. Mich. 1993) (noting that using bankruptcy solely as a means of resolving a two-party dispute may suggest bad faith).

Finally, the court is concerned that any fee that counsel may charge in this case may be excessive under 11 U.S.C. § 329 given the court's earlier dismissal and today's finding of counsel's

---

[1] The court's reference to a "two-party" dispute should not be read to minimize the interests of any third parties who may have purchased the properties at issue through the tax auction, parties whom the Debtor will presumably include in any litigation affecting title to that property.

neglect. Accordingly, it will consider scheduling a hearing under § 329 to consider canceling the retainer unless counsel promptly files a statement persuading the court that he will not seek to recover a fee from the Debtor for representing him in connection with this case.

Under the circumstances, the court will exercise its discretion in favor of denying the relief requested in the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 40) is DENIED.

IT IS FURTHER ORDERED that the court will retain jurisdiction to consider relief under § 329, unless, within 14 days after entry of this Memorandum of Decision and Order, Debtor's counsel files a statement unequivocally disclaiming the right to collect fees from the Debtor.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Roger G. Cotner, Esq., Brett N. Rodgers, Esq., the United States Trustee, and all parties listed on the Debtor's mailing matrix.

END OF ORDER

**IT IS SO ORDERED.**

**Dated November 20, 2023**



Scott W. Dales
United States Bankruptcy Judge